NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3033
_____

VALDILENE GONCALVES TEIXEIRA;
JONAS RICARDO ARRABAL;
JESUEL RICARDO ARRABAL,

Petitioners

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of Decision of the Board of Immigration Appeals
(A201-111-638, A201-111-639, A201-111-640)
_____

Submitted Under Third Circuit LAR 34.1(a)
January 22, 2015
_____

Before: FISHER, JORDAN, GREENAWAY, JR., *Circuit Judges*.

(Opinion Filed:  January 28, 2015)
_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

GREENAWAY, JR.; *Circuit Judge*.

Petitioners Valdilene Goncalves Teixeira, Jesuel Ricardo Arrabal, and Jonas Ricardo Arrabal ("Petitioners") seek review of the decision of the Board of Immigration Appeals ("BIA") dismissing their appeal of the order of removal by the Immigration Judge ("IJ"). Petitioners argue that the BIA abused its discretion, *first* by failing to consider all positive factors in favor of Petitioners and *second* because there was sufficient evidence that Immigration and Customs Enforcement ("ICE") officers engaged in egregious conduct when arresting Petitioners. We will deny the petition for review.

We will not disturb a discretionary decision of the BIA unless it is "'arbitrary, irrational, or contrary to law.'" *Oliva-Ramos v. Att'y Gen.*, 694 F.3d 259, 270 (3d Cir. 2012) (quoting *Sevoian v. Ashcroft*, 290 F.3d 166, 174 (3d Cir. 2002)). Petitioners argue that the BIA should have considered the fact that they have lived in the United States for approximately ten years without incident. However, during removal proceedings, Petitioners admitted the factual allegations contained in the Notices to Appear (i.e., that they are natives and citizens of Brazil who entered the United States at an unknown place on an unknown date without admission or parole by an inspection officer) and conceded the charge of removability. As such, it was well within the BIA's discretion to dismiss their appeal.

2

The BIA did not abuse its discretion in denying Petitioners' motion to reopen proceedings. "A motion to reopen proceedings shall not be granted unless it appears . . . that evidence sought to be offered is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c). Petitioners point to our decision in *Oliva-Ramos* and argue that "the facts outlined . . . were not available at the time of [their] proceedings before the IJ." Pet'rs' Br. at 6. The BIA was not persuaded that this satisfied § 1003.2(c); we agree.

*First*, we did not find in *Oliva-Ramos* that there was egregious conduct or that a pattern and practice of such behavior existed, but rather we remanded to allow Oliva-Ramos to present previously unavailable evidence obtained by virtue of a Freedom of Information Act request. *Oliva-Ramos*, 694 F.3d at 282 ("We do not suggest that these allegations are established fact, nor that they would necessarily satisfy Oliva-Ramos's burden under *Lopez-Mendoza* [468 U.S. 1032 (1984)] even if proven."). *Second*, the unestablished facts of *Oliva-Ramos* do not advance Petitioners' arguments here.[1] Finally, Petitioners' affidavits fail to provide any evidence "establish[ing] either (a) that a constitutional violation that was fundamentally unfair had occurred, or (b) that the

---

[1]    Petitioners attempt to rely on the discussion in *Oliva-Ramos* that addresses "widespread violations of the Fourth Amendment . . . serv[ing] as an independent rationale for applying the exclusionary rule in civil removal proceedings." 694 F.3d at 280. However, this fails for the simple reason that Petitioners have produced no evidence that the ICE officers' conduct was egregious. This is fundamentally different than *Oliva-Ramos*, where we stated: "Oliva-Ramos ha[d] attempted to introduce evidence of a

3

violation — regardless of its unfairness — undermined the reliability of the evidence in dispute." *Id.* at 278.

For the foregoing reasons, we will deny the petition for review.

---

consistent pattern of conducting these raids during unreasonable hours, *such as the 4:30 a.m. raid that occurred here.*" *Id.* at 281 (emphasis added).